## MASTER AND SERVANT.                                        36
[Hamilton Circuit Court, February Term, 1885]
Cox, Smith and Swing, JJ.
†P., C. & St. L. Ry Co. v. Zepperlein.

1. REGULATIONS OF R. R. CO. GOVERNING SAFETY OF EMPLOYES.
    The duty of a railroad company to make rules for the protection of its employes is satis-
    fied, if a reasonable provision is made for the particular case instead of a rule or regu-
    lation.

2. DUTY DOES NOT EXTEND TO STRANGERS OR LICENSEES.
    While it is made the duty of a railroad company to provide for the safety of its employees,
    there is no such absolute duty as to strangers or even licensees.

3. PLAINTIFF MUST REMOVE PRESUMPTION OF CONTRIBUTORY NEGLIGENCE.
    If the plaintiff, in making out a case, puts in evidence which raises a presumption that
    he was negligent, the burden is on him to remove it by further proof.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.                                      .
    Zepperlein sued the defendant to recover damages for a personal injury.
His petition alleged (substantially) that on August 14, 1882, he was in the employ
of the Louisville & Nashville Railroad Co., as a car inspector, at Cincinnati, and
that as such his duties called him to examine the tracks and wheels of cars, and
to do this he had to go under them. That on the day named, he was so engaged
at a place where his employment called him, and where it was his duty to be, and
while there the defendant negligently pushed a train of cars against the one he
was inspecting, whereby, without fault on his part, he was seriously injured and
put to great loss and damages, and in the sum of $10,000. The answer of defend-
ant denied all of these allegations.
    The evidence showed that plaintiff was in the employ of the Louisville &
Nashville R. R. Co., as alleged in his petition, and not in that of the defendant.
That at the time of the accident he was engaged in inspecting cars for his com-
pany, and was under the middle one of seven, which stood on the high track
leading to the Newport bridge, and where the public had no right to be, such
high track being in what is known as the *yard* of said defendant company, and
being a part of the main track on which the trains of the Louisville & Nashville
Co., run. That plaintiff was accustomed to inspect cars at that point, with the
knowledge and permission of the agents of the defendant. While so engaged, a
train of cars was rapidly backed by the servants of the defendant company against
those plaintiff was inspecting, and the wheel of the one he was inspecting crushed
his leg. The only negligence charged was in the management of the train.
    The court substantially charged the jury that it was the duty of the defend-
ant to make regulations to prevent injury to persons who might be about the
tracks in the yard of the company, on business or otherwise, and that a failure to
do this was negligence for which plaintiff might recover.
    *Held*, that this was erroneous. That aside from the question that no such
negligence was charged in the petition, while the law is "that it is the duty of
the railroad company to make such regulations or *provisions*, for the safety of its
employees, as will afford them reasonable protection against the dangers incident
to the performance of their respective duties," as held in the Lavally case, 36 O.
S., 221, 226, there is no such absolute duty as to strangers, or even licenses. And
that even as to employees, if there was no *rule or regulation* looking to their

†Judgment affirmed by Supreme Court, May 6, 1890.  23 B., 354.  Reason given below.
    "We see no error in the charge of the court below, nor in the refusal to charge, except
in the charge requested by the defendant, to the effect that, when the whole of the evidence
offered by a plaintiff in a case like this, raises a presumption that he was guilty of negligence
contributing to his injury, then the burden of proof is upon him to remove the same by
further proof. The instruction, as requested, did not contain, in express language, the quali-
fication 'contributing to his injury,' but, taken in connection with the charge of the court
upon the same subject, must necessarily have been so understood. We therefore affirm the
judgment of the circuit court."

protection, yet if such reasonable provision was made at the time, in any particular case, the company could not be considered negligent for failing to have such a rule, in case an injury resulted.

2.  The court charged the jury that if they found for the plaintiff, in estimating his damages they should consider his "doctor's bill." There was no allegation in the petition that any such expense was incurred—there was proof offered showing that two surgeons had attended upon him for several weeks after his injury, but there was no evidence as to the value of those services.

*Held*, that under the pleadings and evidence such charge ought not to have been given. That evidence as to the value of the services was not admissible under the petition as it stood, and there was nothing in the evidence on which to base such charge.

3.  The court refused to give the following special charge to the jury as requested by the defendant's counsel, viz : "If the plaintiff, in making out his case, puts in evidence testimony, the whole of which raises a presumption that he was negligent, the burden is put upon him to remove that by further proof." The charge asked for was correct, and there being nothing equivalent to it in the charge of the court, as given to the jury, it was error to refuse it.

Judgment reversed and cause remanded for a new trial.

Ramsey, Maxwell & Matthews, for plaintiff in error.

Champion and Williams, for defendant in error.